## GOODE & JONES vs. JONES.

An endorsement upon a note "I sign the within as security," if made at the time of the execution of the note, will be regarded as a part of the note, and will make the person signing the same an original promisor. But if made after the execution of the note, it will be merely a collateral undertaking, and the parties cannot be joined in an action against the maker of the note.

APPEAL from Franklin Circuit Court.

COLE, for Appellants,

Presents the following points on behalf of appellants:

1. The contracts of Jones & Goode are radically different, and could not consistently with law be joined together in the same action.

2. The bond sued upon was not the foundation of the suit against Goode, nor was the endorsement thereon the foundation of the action of debt against William T. Jones. Brown v. Lockhart, 1 Mo. R. 409.

3. The evidence therefore was illegal and inadmissible without proof, if then.

4. The undertaking of Goode was collateral to that of William T. Jones, and is a void contract under the statute of frauds. (Roberts on frauds, page 207;) Wain & Watters, 5 East, page 10; Long on personal property, page 27.

5. The contract of Goode, at common law, was a *nudum pactum*.

6. The action was debt on *bond*, the evidence admitted did not prove that allegation.

7. The judge of the circuit court erred in deciding that the writing endorsed, was a *bond*.

Jones, for Appellee,

Insists that the circuit court committed no error.

It is not necessary for the justice to describe the instrument sued on; and if he does, it is surplusage. The defendant before the justice was summoned to answer the complaint of the plaintiff.

The endorsement by Goode imports a consideration. See R. Stat. p. 189, chap. 21. Bonds & Notes, sec. 1; also, Powell vs. Thomas, 7 Mo. Rep. 440; see Barnett, et. al. vs. Lynch, 3 vol. 261; 5 Mass. 358; 6 Mass. 519; 7 Mass. 518; 11 Mass. 436–440; Ashley vs. Watson, 9 Mo. R.

There is no sufficient bill of exceptions in this case.

Napton, J., delivered the opinion of the court.

This was a suit originally brought before a justice of the peace, upon the following note:

"One day after date I promise and oblige myself, my heirs, &c., to pay or cause to be paid unto Charles C. Jones, the just and full sum of one hundred and nine dollars sixty-one cents, for value received, as witness my hand and seal this twenty-second day of November, eighteen hundred and forty-three, with ten per cent. interest till paid.

William T. Jones, [seal.]"

Upon this instrument there was the following endorsement: "I assign the within note as security to Charles C. Jones, this 4th Dec'r, 1843. John Goode."

The plaintiff obtained a judgment both before the justice, and in the circuit court, against both Goode & Jones, for the amount of the bond with interest.

Upon the trial in the circuit court, an objection was made to the reading of the endorsement upon the bond as evidence, but the objection was overruled and exceptions taken. It seems from the instructions given, that the bond was considered by the court as the bond of both Goode & Jones; the plaintiffs in error contending that the endorsement of Goode was but a guaranty and an undertaking entirely collateral to the obligation of William T. Jones.

The case of Hunt, adm'r. vs. Adams, (5 Mo. R. 359,) (6 Mass. R.

519,) is an authority to show, that where a party writes underneath a promissory note of another, the words, "I acknowledge myself holden as surety for the payment of the demand of the above note," and such writing is executed at the same time the note is signed by the principal, and before the delivery of the same to the payee, such acknowledgment constitutes the person making it an original party to the contract.

The note in that case was construed as in effect a joint and several promise by the principal and surety. In the case now under consideration, the obligation of William T. Jones was executed on the 22d November, and the endorsement of Goode was executed on the 4th December. Upon its face this endorsement purports to be a collateral undertaking on the part of Goode to pay the debt of W. T. Jones, if said Jones shall fail to do so. Jones and Goode could not be sued in the same action as original promisors and parties to the same contract; the liability of Goode being merely collateral, the facts must be set forth and shown which make him liable.

The judgment is reversed and cause remanded.